UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80877-CIV-MARRA/JOHNSON

TRACE-WILCO, INC.,

    Plaintiff

vs.

SYMANTEC CORPORATION,

    Defendant.
_____/

**ORDER AND OPINION GRANTING MOTION TO TRANSFER**

THIS CAUSE is before the Court upon Defendant, Symantec Corp. ("Symantec")'s Motion to Transfer Venue (DE 18) for forum non conveniens. The Court has carefully considered the motion, response, and replies and is otherwise fully advised in the premises.

**Background**

This is a patent infringement action filed in the Southern District of Florida on August 6, 2008 by Trace-Wilco, Inc. ("Trace-Wilco"). See Compl. (DE 1). According to the allegations of the Complaint, Plaintiff is the owner of the patent-in-suit, U.S. Patent No. 5,796,948, entitled "Offensive Message Interceptor for Computers," issued on August 18, 1998 ("the '948 Patent"). Compl. ¶¶ 3, 4. Plaintiff alleges that Defendant's "Mail Security products with content filtering capabilities, such as Symantec's Mail Security 8300 Series products and its Mail Security Appliance" infringe the claims of the '948 Patent. Compl. ¶ 8.

Defendant moves to transfer this action to the Northen District of California, the location of its global headquarters, its 1,340 employees, and where the majority of the Research and Development division responsible for the design, testing, and manufacture of Defendant's

allegedly infringing products. Plaintiff opposes transfer, arguing that Plaintiff's two principals are long-standing Florida residents, that the patent was conceived and developed in Florida, and that third-party witnesses reside in and near this district.

Defendant concedes that jurisdiction in the Southern District of Florida for this action is proper. It contends, however, that the Northern District of California is a more convenient venue for the adjudication of this action. Hence, in order for the Court to transfer this case, Defendant must meet the requirements of 28 U.S.C. § 1404(a).

**Analysis**

A motion to transfer venue for forum non conveniens is governed by 28 U.S.C. § 1404(a) which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. §1404(a). The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion. See Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991).

Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). The burden is on the movant to establish that the suggested forum is more convenient. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).

To obtain dismissal under this doctrine, "the moving party must demonstrate that (1) an

adequate alternative forum is available[1], (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." Leon v. Million Air, Inc., 251 F.3d 1305, 1310-11 (11th Cir. 2001).

Private-interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." American Dredging Co. v. Miller, 510 U.S. 443, 448 (1994) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)); Membreno v. Costa Crociere S.p.A., 425 F.3d 932, 937 (11th Cir. 2005).

The public interest factors to be considered include:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness in burdening citizens in an unrelated forum with jury duty.

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6 (1981) (internal quotation marks omitted).

**Choice of Forum**

Generally, the plaintiff's choice of forum is given considerable deference. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (plaintiffs' choice of forum should not be disturbed unless it is clearly outweighed by other considerations). However, where the operative facts underlying the cause of action did not occur within the forum chosen by the

---

[1] There is no dispute that this action could have been brought in the Northern District of California.

plaintiff, the choice of forum is entitled to "less consideration." Windmere Corp. v. Remington Products, Inc., 617 F.Supp. 8, 10 (S.D. Fla. 1985); Balloveras v. Purdue Pharma Co., 2004 WL 1202854, *1 (S.D. Fla. 2004) (giving plaintiff's choice of forum "less than normal deference") ; Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005) ("Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum"); Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 987 (E.D.N.Y. 1991) ("where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and is in fact given reduced significance").

**Preferred Forum in Patent Infringement Actions**

Several district courts have held that the "center of gravity" for a patent infringement case is where the accused product was designed and developed, and that this center of gravity is the preferred forum for a patent infringement suit. See, e.g., Amazon.com v. Cendant Corp., 404 F.Supp.2d 1256, 1260 (W.D. Wash. 2005):

> In patent infringement actions, the preferred forum is 'that which is the center of gravity of the accused activity.' Ricoh Co., Ltd., v. Honeywell, Inc., 817 F.Supp. 473, 482 n. 17 (D. N.J. 1993); quoting S.C. Johnson & Son, Inc., v. Gillette Co., 571 F.Supp. 1185, 1188 (N.D. Ill. 1983). The district court 'ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production.' Id.

See also Amini Innovation Corp. v. Bank & Estate Liquidators, Inc., 512 F.Supp.2d 1039, 1044 (S.D. Tex. 2007); Saint- Gobain Calmar, Inc. v. National Products Corp., 230 F.Supp.2d 655, 660 (E.D. Pa. 2002); GTE Wireless, Inc. v. Qualcomm, Inc., 71 F.Supp.2d 517, 520 (E.D. Va. 1999); Laitram Corp. v. Morehouse Industries, Inc., 1994 WL 97819, *4 (E.D. La. 1994). "For

that reason, district courts may disregard plaintiff's choice of forum in cases involving claims of patent infringement." Id. at *4.

> Also relevant is 'the place where the marketing and sales decisions occurred, not just the location of any particular sales activity.' Therefore, in intellectual property infringement suits, which 'often focus on the activities of the alleged infringer, its employees, and its documents; therefore the location of the alleged infringer's principal place of business is often the critical and controlling consideration in adjudicating transfer of venue motions.'

Amini Innovation, 512 F.Supp.2d at 1044 (internal citations omitted).

In this case, it appears to this Court that the center of gravity of the alleged infringement occurred in northern California, where Defendant maintains its global headquarters, where the research and development of the allegedly infringing products occurred, and where the decisions regarding marketing and sales of the accused products were made. The District Court of Northern California would be a more convenient venue because it is closer to the hub of activity surrounding the production and sale of the allegedly infringing products. This factor weighs in favor of transfer.

**Convenience of the parties**

With respect to the convenience of the parties, the uncontested evidence amply shows that Defendant is heavily tied to northern California. Defendant is headquartered in the Northern District of California, where the vast majority of its business operations are centered. Defendant's inventors, designers, and executives in charge of the allegedly infringing products, whom are likely to be involved in the action, are located in northern California. Plaintiff's two principals reside and work here in the Southern District of Florida. (Pl. Exh. A, DE 24-2). While either side would be inconvenienced by the action being held in the forum preferred by the

opposing party, Plaintiff would be less disadvantaged than Defendant. Plaintiff has at most only two employees who might have to travel for this case. Thus, this factor weighs slightly in favor of the Northen District of California.

**Convenience of witnesses**

"When weighing the convenience of the witnesses, 'a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witness may provide." Fuji Photo Film Co. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (quoting Herbert Ltd. P'ship v. Elec. Arts, Inc., 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004). The inventor of the patent-in-suit is located in Florida. The issues relating to Defendant's alleged infringement require, however, analysis of facts, documents and testimony relating to the design, development, production, marketing, and sale of Defendant's products. See 35 U.S.C. § 271 (listing activities which constitute infringement). Upon review of the parties' filings, it appears that most of the witnesses that will be knowledgeable about the infringement issues are located in northern California. Thus, it seems likely that more witnesses will be inconvenienced by conducting this litigation in Florida than would be if the case is tried in northern California. This factor weighs in favor of transfer.

**Ease of Access to Sources of Proof**

To examine " 'the relative ease of access to sources of proof,' and the availability of witnesses, the district court must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of the evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses

to the action." Ricoh Co., 817 F.Supp. at 483 (quoting Van Cauwenberghe v. Biard, 486 U.S. 517, 528 (1988)).  Most documents likely to be material to the prosecution of this patent infringement case appear to be located in the Northern District of California.  Additionally, it appears that most of the design, development, implementation, and marketing of the relevant technology took place in northen California.  Management teams in charge of the allegedly offending products are also located in northen California.  On-site inspections of the technology at issue would likely occur at Defendant's northern California location.  As these sources of proof are likely to be most important to analyzing Plaintiff's patent infringement claims, this factor weighs in favor of transfer.

**Administrative Difficulties from Court Congestion**

Plaintiff argues that if this action were to remain in the Southern District of Florida, it would likely proceed to trial faster here than it would in the Northern District of California. (Pl. Resp. at 14.).  Docket conditions, although relevant, are a "minor consideration" when other factors would result in a transfer of venue. GTE Wireless, 71 F.Supp.2d at 520.

**Familiarity With the Governing Law**

The claims at issue are issues of federal law, patent infringement, which both federal district courts are competent to address.  This factor is neutral in the transfer analysis.

**Avoidance of Unnecessary Conflict of Law Issues**

There are no conflict of law concerns in this case. This factor is neutral as to transfer.


**Interests of Justice**

A transfer of this case to the Northern District of California would serve the interests of

justice. The center of the accused activity giving rise to this case occurred in the Northern District of California. This factor strongly weighs in favor of transfer. Amini Innovation, 512 F.Supp.2d at 1045.

**Conclusion**

This Court has carefully examined the filings in this cause and finds that relevant factors under 28 U.S.C. § 1404(a) are present and that those factors when considered together warrant a transfer to the Northern District of California. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant, Symantec Corp. ("Symantec")'s Motion to Transfer Venue (DE 18) is **GRANTED.**

2. **The Clerk of Court is hereby directed to transfer this case to the United States District Court, Northern District of California. This case is closed.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of February, 2009.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson